NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1215


WILSON R. MORRISON, ET AL.

VERSUS

BETTY J. JEANE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76,271, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**James R. Mitchell**
**Attorney At Law**
**607 South Fifth Street**
**Leesville, LA 71446**
**(337) 239-6709**
**Counsel for Plaintiffs/Appellants:**
   **Wilson R. Morrison**
   **Linda Morrison**
   **William R. Morrison**
   **Darlene Morrison**

**Bradley O'Neal Hicks**
**Dowden & Hicks, L.L.P.**
**116 East Lula Street**
**Leesville, LA 71446**
**(337) 238-2800**
**Counsel for Defendants/Appellees:**
   **Betty J. Jeane**
   **Patsy A. Hodnett**

**DECUIR, Judge.**

This appeal arises from a dispute among family members regarding the use of a private road referred to as "Morrison Road." After hearing the evidence, the trial court found the plaintiffs offered insufficient proof of their entitlement to a right of way and dismissed their suit. The plaintiffs appealed and, for the following reasons, we affirm.

The plaintiffs, Wilson, Linda, William, and Darlene Morrison, are the successors in title to Oswald and Pearl Morrison who were the owners of certain property located in Vernon Parish off Louisiana Highway 111. In 1982, Pearl, then widowed, and her son, Oliver, asked Oswald's cousin, Alvin Morrison, to grant them a right of way in order to formalize their use of a roadway, known as Morrison Road, that traversed Alvin's property and led to their property. Alvin agreed and the parties executed an agreement purporting to grant a right of way to be used as a public road. The plaintiffs later purchased the subject property from their relatives. The defendants, Betty Jeane and Patsy Hodnett, are Alvin's daughters; they divided his property among themselves and their siblings after his death. In 2006, the defendants closed Morrison Road and informed the plaintiffs that they could no longer use it for access to their property.

The plaintiffs contend that they are entitled to have Morrison Road recognized as an established right of way based on the 1982 conveyance from Alvin to Pearl. The defendants argue that the right of way is no longer in effect because the terms of the agreement between Alvin and Pearl specify that once the road ceases to be maintained as a public road for a period of two years, "title to the said Right of Way land shall immediately revert back to the Grantor." All parties agree that Morrison Road has not been maintained by the Vernon Parish Police Jury since the early 1980s.

The plaintiffs also acknowledge that the road they currently use to reach their property is not the exact path used in 1982 which would have been the subject of the conveyance between Alvin and Pearl.

The trial court expressed concern after the close of the evidence that the plaintiffs had not submitted adequate proof of a valid right of way. The plaintiffs did not prove that they are entitled to a right of way under La.Civ.Code arts. 689 *et seq.*, as owners of an enclosed estate, nor that they acquired an apparent servitude of passage via acquisitive prescription under La.Civ.Code art. 742. Therefore, the trial court considered only whether the terms of the 1982 conveyance were adequate to establish Morrison Road as a permanent right of way in favor of the plaintiffs.

After considering the post trial briefs of the parties, the trial court ultimately concluded that the plaintiffs simply did not prove their case:

> Considering the law, evidence and memoranda filed by the attorneys, the Court concludes the evidence to establish a servitude by acquisitive prescription of 30 years is insufficient. The Court believes the law to be that a right of passage may be granted by a general description of the land which it is to cross.
>
> Such a grant of servitude was given by Alvin Morrison on August 2, 1982. However, there was no evidence adduced to show that the property described therein belongs to defendant, Patsy Hodnett. The plat has no legal descriptions contained on it whatsoever. Therefore, the Court cannot say it is more probable than not that the property owned by Mrs. Hodnett is the property described in the grant of servitude.
>
> The defendant, Betty Jeane, lives in the house referred to as "the old home place" where Alvin Morrison lived, but the road on the plat introduced into evidence going across that property forks off after it crosses Hodnett's property shown on the plat.

Our review of the evidence reveals no manifest error in the conclusions reached by the trial court. The exhibits offered into the record include no descriptions of the property at issue, no proof of the parties' ownership interest in the property, and no clear indication of where Morrison Road is today or where it was in 1982.

2

Additionally, the exhibits provide no indication to this reviewing court of witnesses' reference points when testifying about the exhibits. The plaintiffs failed to meet their burden of proving that a right of way exists in their favor on the property of the defendants.

For the reasons stated, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.